### NEWMAN v. NEWMAN et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1913.)

PARTITION (§ 73\*)—JUDGMENT—STATUTES.

Under the express provisions of Rev. Civ. St. 1911, arts. 6101, 6111, the court in partition must determine in the first instance whether the land was susceptible of partition, before judgment is entered and before commissioners are appointed; and hence the leaving of that question for the commissioners' determination was error.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 196–208; Dec. Dig. § 73.\*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Partition by A. J. Newman and others against G. B. Newman and others. From an order approving the report of a commissioner, and ordering a sale of the land, G. B. Newman appeals. Affirmed.

Plaintiff in error was one of several defendants in a suit brought by defendant in error A. J. Newman and others, to partition a tract of 220 acres of land in Jasper county and certain personal property, alleged to belong to them in common. It seems that at the December term, 1911, of the court, a judgment was rendered, but as a copy of it was not made a part of the record on this appeal, we are not advised, except inferentially, as to what was determined by it. At the next succeeding term of the court all the parties, in a motion filed by them, alleged that the land in question had been improperly described in that judgment, and prayed that

same be set aside, and that a judgment be then entered describing the land as set out in the motion. With reference to this motion the court on June 28, 1912, made an order in part as follows: "This day came on to be heard the foregoing motion, and, it appearing to the court that same should be granted, it is therefore ordered, adjudged, and decreed that the judgment formerly entered in this cause at the December term of this court, 1911, be amended as prayed for in the foregoing motion, and the following judgment be entered in its stead." The court by the judgment he then rendered determined that the personal property in question belonged to appellant, and adjudged same to him. He further determined that 25 of the 220 acres of land belonged in severalty to G. W. Newman, one of the defendants, and adjudged same to him. He then determined that the remainder of the tract belonged in common to plaintiff in error, and certain of the defendants in error, and after declaring that same should be so partitioned as to set apart to each of them the share he owned, which he determined, appointed commissioners to make the partition, directing them "to make a fair, equal, just, and impartial partition of said land * * * and report same in writing and under oath to this term of court," and further directed them, if in their opinion such a partition could not be made, "to report the fact to the court, in writing under oath, at this term stating their reasons for such opinion." On June 29, 1912, the commissioners named by the court filed a report in which they stated it to be their opinion that it was not practicable to make a partition of the land, and in which they recommended that same be sold and the proceeds of the sale distributed among the owners of the land. On the day this report was filed plaintiff in error filed exceptions to it and prayed the court to reject it. On the same day the court made an order, in which, after reciting that he had examined the report, heard the objections and exceptions to it, and evidence in favor of and against it, he declared it to be his opinion that the land was "incapable of profitable partition, and that a division thereof would be detrimental to the estate," and by which he approved the report and directed that the land be sold as under execution, and that the proceeds of the sale, after paying costs, be distributed among the owners of the land. So far as the record shows to the contrary, this action of the court was not then excepted to by plaintiff in error.

Roi Blake, of Jasper, for appellant. Smith & Blackshear, of Jasper, for appellees.

WILLSON, C. J. (after stating the facts as above). Prior to 1905 the statute applicable in suits like the one resulting in the judgment appealed from was as follows:

"The court shall enter a decree directing the partition of such real estate, describing the same, to be made in accordance with the respective shares or interests of the parties entitled thereto, specifying in such decree the share or interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of which commissioners may act. Should the commissioners be of opinion that a fair and equitable division of the real estate, or of any part thereof, cannot be made, they shall report the fact to the court in writing under oath, stating their reasons for such opinion, and if the court should be satisfied that the report of the commissioners is correct, it shall order a sale of so much of such real estate as is incapable of partition, which sale shall be for cash, or upon such terms as the court may direct, and shall be made as under execution, and the proceeds thereof shall be returned into court and partitioned by the court between the persons entitled thereto, according to their respective interests therein." Sayles' Stat. arts. 3611, 3621. By the act of 1905 (Laws 1905, c. 68) the statute was so amended as to read: "The court shall determine before entering the decree of partition whether the property or any part thereof is susceptible of partition and if the court determines that the whole of such property or any part thereof is susceptible of partition then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate, describing the same to be made in accordance with the respective shares or interests of each of the parties entitled thereto, specifying in such decree the share or interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law; a majority of which commissioners may act. Should the court be of opinion that a fair and equitable division of the real estate or any part thereof cannot be made, it shall order a sale of so much of such real estate as is incapable of partition, which sale shall be for cash or upon such other terms as the court may direct, and shall be made as under execution, or by private sale, through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned, among the persons entitled thereto according to their respective interests." Arts. 6101, 6111, Revised Statutes 1911.

It will be noted that under the statute, before it was amended, the commissioners were to determine, in the first instance, whether the land was susceptible of partition or not, and that the effect of the amendment is to make it the 'duty of the court to determine that question, before the judgment is entered, and before commissioners are appointed. It is insisted here that the court by his judgment, entered before the report of the commissioners was filed, determined that the land was susceptible of partition, and thereafterwards was without power to order a sale of it. We do not know from the record before us whether the court by the judgment he rendered at the December term did that or not, for, as before stated, that judgment was not copied into the record before us. Whether he so determined or not probably is of no importance, in view of the fact that that judgment, at the instance of all the parties concerned, was set aside at the June term of the court. The power of the court to set it aside at that term and render the judgment he then rendered is not questioned by any of the assignments. As to the judgment rendered June 28, 1912, it is clear, we think, the court did not determine that the land was susceptible of partition. Instead, disregarding the requirement of the statute, he left the determination of that question, in the first instance, to the commissioners. This, of course, was error, but it is not assigned as such. On the contrary, as we have seen, plaintiff in error's insistence is that the court before entering the judgment determined that the land was susceptible of partition, and that, having done so, he was without power thereafterwards to order a sale thereof. In making this contention plaintiff in error ignores the fact that the court in his judgment directed the commissioners to report to him if in their opinion a partition could not be made. Such instruction to the commissioners is not consistent with the claim made that the court determined before the judgment was entered that the land was susceptible of partition, but indicates that the court intended to leave, and did leave, the question as to its susceptibility to partition to the commissioners. It is clear from the whole record that the fact that the statute had been amended as stated was overlooked by the court, for the proceedings were all in accordance with the requirements of the statute as it was before it was so amended. As before stated, no complaint is made of this.

No reversible error having been assigned, the judgment is affirmed.